IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CITIZENS AGAINST LONGWALL MINING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05-3279 ) |
| COLT LLC and IEC (Montgomery) LLC, | ) ) ) |
| Defendants. | ) ) |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Colt LLC's Motion to Dismiss Complaint (d/e 11) and Defendant IEC (Montgomery) LLC's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) (d/e 14). Plaintiff Citizens Against Longwall Mining (CALM), an Illinois not-for-profit corporation, filed the instant Complaint for Declaratory and Injunctive Relief (d/e 1) in November 2005. Plaintiff seeks a declaratory judgment and injunction barring Defendants Colt LLC (Colt) and IEC (Montgomery) LLC (IEC) from using the longwall method of mining to extract coal from certain property located within Montgomery County, Illinois. Defendants have

1

filed Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) & (7). For the reasons set forth below, the case is dismissed for lack of jurisdiction. Plaintiff, however, is granted leave to file an amended complaint.

## BACKGROUND

The following facts are taken from the allegations of the Complaint. Colt is a West Virginia limited liability company engaged in the business of coal mining. Colt's members are domiciled in West Virginia. IEC is an Illinois limited liability company engaged in the business of coal mining. Its members are domiciled in Alabama. In December 2003, IEC acquired the coal and appurtenant mining rights to approximately 85,000 acres in Montgomery County. In December 2004, Colt executed a purchase agreement to acquire coal and appurtenant mining rights to approximately 120,000 acres in Montgomery County.

The Complaint alleges that both IEC and Colt have expressed intent to mine their coal in Montgomery County using the longwall method of mining. The Complaint explains longwall mining as follows:

> a method of coal removal in which subsidence of the surface is planned and intentional. Longwall mining is a high extraction method of coal mining in which a high-powered cutting machine shears away all coal between the floor and ceiling, leaving no support pillars. Movable roof supports advance as the bed is

cut, allowing the roof to fall as the mining progresses.

Complaint, ¶ 10.  The Complaint contrasts longwall mining with the standard method of mining coal, which it describes as the room-and-pillar method.  The Complaint asserts that, during room-and-pillar mining, surface support remains in the form of coal pillars.

CALM is an Illinois not-for-profit corporation with its principal place of business in Illinois.  The Complaint alleges that CALM's "members include persons owning real estate in Montgomery County, Illinois," and specifically, that its "members include persons owning surface rights over mineral estates that Defendants have expressed an intent to subside using the longwall method and who would be injured by subsidence damage to their property and to the environment."  Complaint, ¶¶ 3, 17.  The Complaint alleges that, from 1907 to 1921, property owners in Montgomery County deeded coal rights to various persons or companies (severance deeds).  These deeds severed the ownership of the surface estate from the ownership of the mineral estate.  Both interests were transferred separately over time to the respective current owners.  Plaintiff argues that the severance deeds do not give the mineral owner the right to engage in longwall mining.  Plaintiff seeks a declaratory judgment to that effect, as

well as a permanent injunction.

## ANALYSIS

Colt moves to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of Article III ripeness or standing and under Fed.R.Civ.P. 12(b)(7) for failure to join necessary parties. IEC moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), asserting that the Complaint fails to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. Because the Rule 12(b)(1) issues raised in the Motions to Dismiss relate to the Court's jurisdiction over the entire case, the Court will address those issues first and then turn to Colt's Rule 12(b)(7) issue. As set forth below, Colt's Motion is allowed, in part, and denied, in part. IEC's Motion is allowed.

A.   Justiciability

Under Article III of the United States Constitution, a party seeking to invoke federal court jurisdiction must present an actual case or controversy, a requirement that is referred to as the concept of justiciability. See Flast v. Cohen, 392 U.S. 83, 95 (1968). The purpose of the requirement is to ensure that a plaintiff has "'a personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." City of Los

Angeles v. Lyons, 461 U.S. 95, 101 (1983). Under the case or controversy requirement, a plaintiff seeking to invoke the power of the federal court bears the burden of demonstrating: (1) an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the conduct complained; and (3) that a favorable decision likely will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)(internal quotations and citations omitted). Thus, the "case or controversy" requirement is the basis for a number of interrelated doctrines, including standing and ripeness. See Smith v. Wisconsin Dept. of Agric., 23 F.3d 1134, 1141 (7th Cir. 1994).

Colt asserts that the case or controversy requirement is not met in the present case because CALM lacks standing and the matter is not ripe. If subject matter jurisdiction is not evident on the face of the complaint, a motion to dismiss pursuant to Rule 12(b)(1) is analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true. However, if the complaint is formally sufficient but the defendant contends that there is "in fact no subject matter jurisdiction, the movant may use affidavits and other material to support

5

the motion. The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction. And the court is free to weigh the evidence to determine whether jurisdiction has been established." United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003) (internal citations omitted).

The Court turns first to the question of standing. Colt challenges the sufficiency of Plaintiff's allegations; thus, the challenge is facial, and the Court assumes for purposes of the Motion that the allegations in the Complaint are true. The Complaint alleges, in relevant part, that CALM's "members include persons owning surface rights over mineral estates that Defendants have expressed an intent to subside using the longwall method and who would be injured by subsidence damage to their property and to the environment." Complaint, ¶ 17. Colt asserts that Plaintiff fails to allege that it owns an interest in mineral or surface real estate in Montgomery County or that it can stand in the place of such owners. Thus, Colt's challenge goes to the injury-in-fact requirement, i.e., whether CALM alleges an invasion of a legally protected interest.

"When a plaintiff is an association, the association has Article III standing to represent the interests of its members if the individuals have

standing in their own right; the interests represented are germane to the association's purpose; and the relief sought does not require the participation of the individual members." Texas Independent Producers & Royalty Owners Assoc. v. Environmental Protection Agency, 410 F.3d 964, 971 (7th Cir. 2005). Plaintiff asserts that it has standing based on both individual and environmental injury.

At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," and the court "presum[es] that general allegations embrace the specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561 (internal quotations and citations omitted). In order for an individual plaintiff to have standing, he must allege an invasion of a legally protected interest. "[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity." Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 183 (2000) (internal quotations and citations omitted). The Court notes "that pleadings in declaratory judgment actions are subject to the same rules of notice pleading as all other actions." GNB Battery Technologies, Inc. v. Gould, Inc., 65

F.3d 615, 620 (7th Cir. 1995).

The Court finds that CALM's allegations regarding standing are sufficient at the pleadings stage. Certainly, persons owning surface rights over mineral estates that Defendants plan to subside could allege an invasion of a legally protected interest such that they would have standing in their own right. The interests represented are germane to the association's purpose, which is to oppose longwall mining with its intentional surface subsidence. Similarly, there is no indication that the relief sought would require the participation of the individual members as parties. Plaintiff seeks a declaratory judgment that the severance deeds do not allow the mineral owners to engage in longwall mining. According to the Complaint, the severance deeds were executed between 1907 and 1921. Complaint, ¶ 15. The interpretation of these deeds would not require the participation of individual members. Thus, the allegations of the Complaint are sufficient to support a finding of representative standing to the extent CALM's members are personally injured.

The Court turns next to the question of ripeness. An actual controversy ripe for decision exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941).  In the present case, the Complaint alleges that Defendants have expressed "intent" to mine their coal in Montgomery County using the longwall method.  <u>Complaint</u>, ¶¶ 8-9.  Colt asserts that these allegations are insufficient to demonstrate an actual controversy.  Specifically, Colt notes that CALM fails to allege when or where the mining would take place or where any machinery or other necessary materials are present at any location.  Moreover, Colt notes the absence of allegations that Defendants have sought permits that must necessarily be obtained before mining could begin.  Thus, Colt challenge is again facial, and the Court assumes, for purposes of the 12(b)(1) Motion, that the allegations of the Complaint are true.[1]

In order for a matter to be ripe, the injury in question must be "actual or imminent, not conjectural or hypothetical."  <u>Lujan</u>, 504 U.S. at 560.

---

[1] CALM has provided the Court with a series of newspaper articles which it contends evidences Colt's intent to longwall mine in Montgomery County. Because Colt raises a facial challenge, the Court limits its analysis to the allegations of the Complaint. The newspaper articles are irrelevant, and the Court will not consider them. Moreover, even had Colt raised a factual challenge in connection with which the Court would be free to weigh evidence, the statements set forth in the newspaper articles are hearsay and could not be considered.  See <u>Fed.R.Evid.</u> 801.

This requirement necessarily applies to suits seeking declaratory relief. See Deveraux v. City of Chicago, 14 F.3d 328, 330 (7th Cir. 1994); 28 U.S.C. § 2201. The Court again recognizes "that pleadings in declaratory judgment actions are subject to the same rules of notice pleading as all other actions." GNB Battery Technologies, Inc., 65 F.3d at 620. As previously noted, the Complaint alleges that Defendants have expressed "intent" to mine their coal in Montgomery County using the longwall method. Further, the Complaint alleges that Defendant IEC owns the mineral rights to 85,000 acres in Montgomery County and Defendant Colt has executed a purchase agreement for the mineral rights to 120,000 acres in Montgomery County. According to the Complaint, CALM's members include persons owning surface rights over mineral estates that Defendants have expressed an intent to mine using the longwall method.

The Court finds that, under all the circumstances, the allegations of the Complaint are insufficient to show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, such that a ripe controversy exists. "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be certainly impending to constitute injury in fact."

Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (internal quotations and citations omitted).  The instant Complaint contains no allegations of imminent injury.  CALM asserts only that both Defendants have expressed an intent to longwall mine in Montgomery County, without specifying when such mining will occur or identifying any steps taken toward beginning the mining.  Indeed, according to the allegations of the Complaint, Colt's only interest in the mineral rights at issue is an executed purchase agreement.  The Complaint, on its face, fails to allege a controversy of sufficient immediacy and reality to satisfy Article III.  Colt's Motion to Dismiss for lack of subject matter jurisdiction is therefore allowed.

    B.    28 U.S.C. § 1332

Also, in this case, Plaintiff seeks to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.  In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000, exclusive of interest and costs.  The party seeking to invoke federal diversity jurisdiction has the burden to present "competent proof" that the requirements of § 1332 have been met.  Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997).

Turning first to the question of diversity, the Court notes that a corporation is considered to be a citizen of its state of organization and its principal place of business. The same is not true for unincorporated enterprises; rather such entities are analogized to partnerships. Thus, limited liability companies are citizens of every state of which any member is a citizen. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003).[2] Therefore, under the allegations of the Complaint, Colt is a citizen of West Virginia and IEC is a citizen of Alabama for diversity purposes. CALM is an Illinois not-for-profit corporation, with its principal place of business in Illinois. The Complaint, however, fails to identify any right that CALM itself possesses as an organization that is in danger of being violated. Instead, the Complaint alleges that CALM's members include persons who would be injured by subsidence damage to their property and to the environment. Therefore, CALM's members who are threatened by injury are the real parties in interest to this controversy, and it is their citizenship that controls for diversity jurisdiction purposes. National Ass'n of Realtors v. National Real

---

[2]The instant case is not a class action and, thus, the provisions of 28 U.S.C. § 1332(d) are inapplicable.

Estate Ass'n, Inc., 894 F.2d 937 (7th Cir. 1990). However, while the Complaint alleges that these members "[own] real estate in Montgomery County," there is no indication as to their citizenship for diversity jurisdiction analysis. See Complaint, ¶ 3. Therefore, it is not clear from the allegations of the Complaint that diversity of citizenship is present, and IEC's Motion to Dismiss for lack of diversity jurisdiction is allowed.

Under § 1332, in addition to diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. The Complaint alleges that this jurisdictional amount is satisfied. Complaint, ¶ 1. Defendant IEC, however, raises a factual challenge relating to the amount in controversy. In a suit for equitable relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977). The Seventh Circuit has adopted the "either viewpoint" rule for valuing the object of the litigation, under which "the object may be valued from either perspective–what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." Macken v. Jensen, 333 F.3d 797, 799-800 (7th Cir. 2003) (citing In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 609-10 (7th Cir. 1997); Uhl v.

Thoroughbred Technology & Telecommunications, Inc., 309 F.3d 978, 983-84 (7th Cir. 2002)).

"[I]f the court's jurisdiction is challenged as a factual matter by either the court or the opposing party, the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by 'competent proof,'" which "has been interpreted to mean a preponderance of the evidence or 'proof to a reasonable probability that jurisdiction exists.'" NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995) (citations omitted). CALM, citing the rule in St. Paul Mercury Indemnity Co. v. Red Cab Co., argues that its case should not be dismissed unless the Court determines to a legal certainty that the claim is really for less than the jurisdictional amount. See St. Paul Mercury, 303 U.S. 283, 288-89 (1938). However, as the Seventh Circuit has noted, "[t]his is the rule for damages actions, not for equitable actions; it does not eliminate the need to place a realistic value on injunctive relief." Macken, 333 F.3d at 800. Thus, Plaintiff has the burden of presenting evidence placing a realistic value on the equitable relief it seeks. Plaintiff has failed to do so, and the Complaint is dismissed on this ground as well.

In the alternative, CALM asks the Court for permission to replead

should the Court find that it lacks jurisdiction. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." Leaf v. Supreme Court of Wis., 979 F.2d 589, 595 (7th Cir. 1992); see also 28 U.S.C. § 1653. Accordingly, Plaintiff's request to replead is allowed. Plaintiff is granted leave to file an amended complaint that properly invokes the Court's subject matter jurisdiction by March 10, 2006.

    C.    Failure to Join Necessary Party

Colt also moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join necessary parties. In ruling on a Rule 12(b)(7) motion to dismiss for failure to join an indispensable party under Rule 19, the Court must accept the allegations of the complaint as true. Davis Comp. v. Emerald Casino, Inc., 268 F.3d 477, 479 (7th Cir. 2001). The Court may, however, look outside of the pleadings and consider extrinsic evidence. Id. at 480. Colt asserts that Montgomery County is a necessary and indispensable party to the litigation under Fed.R.Civ.P. 19(a) & (b). Colt further argues that "all other owners of coal, as well as all surface owners, are indispensable." Brief in Support of Defendant Colt, LLC's Motion to Dismiss (d/e 12), p. 5. The moving party has the burden of persuasion

when it argues for dismissal pursuant to Rule 19. <u>Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli</u>, 950 F.Supp. 1406, 1414 (E.D. Wis.1997).

Rule 19 provides for a bifurcated analysis. The Court must first determine whether the party in question is a necessary party. A party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

<u>Fed.R.Civ.P.</u> 19(a). If the Court deems a party necessary, the party should be joined if feasible. <u>Id</u>. However, if the party cannot be joined, the court shall determine whether "in equity and good conscience the action should proceed among the parties before it," or if it should be dismissed because the absent party is indispensable. <u>Fed.R.Civ.P.</u> 19(b).

Thus, the Court must first consider whether the parties identified by Colt are necessary parties. Turning to Montgomery County, Colt asserts that the County is a necessary party because it was the mineral owner of the

16

120,000 acres at the time the Complaint was filed. The Court notes that the evidence submitted by Colt reveals that Montgomery County executed a quitclaim deed on December 5, 2005, transferring its mineral and mining rights to the 120,000 acres to Colt. Defendant Colt LLC's Motion to Dismiss Complaint, Ex. 1, Special Quit-Claim Deed. Thus, Montgomery County is no longer the mineral owner for the 120,000 acres in question. After the execution of the Quitclaim Deed, Montgomery County retains a purely financial, 2 percent royalty interest in the coal. Id. Plaintiff seeks declaratory and injunctive relief prohibiting longwall mining of the coal. There is no evidence that complete relief cannot be granted without joining Montgomery County, nor is there evidence that Montgomery County claims an interest relating to the subject of the action. Thus, Colt fails to show that Montgomery County is a necessary party under Fed.R.Civ.P. 19, and the Court need not consider whether it is indispensable. Colt's request for sanctions based on Plaintiff's failure to join Montgomery County is denied.

Colt's argument relating to other mineral and surface owners, however, raises concerns with the Court. To the extent Plaintiff can establish standing to raise claims relating to the subsidence of surface land owned by parties other than its members, it appears to the Court that the other

surface owners may be necessary parties under Rule 19. Similarly, to the extent Plaintiff seeks a declaratory judgment regarding the mining of mineral interests owned by parties other than Defendants, those other mineral rights' owners would be necessary parties under Rule 19. There is, however, at this point, no evidence regarding the citizenship of these other land or mineral owners for diversity jurisdiction purposes. Thus, at this point, the Court cannot allow the Motion to Dismiss under Fed.R.Civ.P. 12(b)(7). However, the Court notes these concerns in order that the parties may address them if an amended complaint is filed.

THEREFORE, Defendant Colt LLC's Motion to Dismiss Complaint (d/e 11) is ALLOWED, in part, and DENIED, in part, and Defendant IEC (Montgomery) LLC's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) (d/e 14) is ALLOWED. This Court at this point lacks subject matter jurisdiction, and the Complaint must be dismissed. Plaintiff, however, is granted leave to file an amended complaint by March 15, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   March 1, 2006.

    FOR THE COURT:

                                                                    s/ Jeanne E. Scott

JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE