## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CITIZENS AGAINST LONGWALL MINING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  05-3279 |
| COLT LLC and IEC (Montgomery) LLC, | ) ) ) ) | |
| Defendants. | ) | |

### <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant IEC (Montgomery) LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (d/e 26) and Defendant Colt LLC's Motion to Dismiss Amended Complaint (d/e 28). With leave of Court, Plaintiff Citizens Against Longwall Mining (CALM), an Illinois not-for-profit corporation, filed its First Amended Complaint for Declaratory and Injunctive Relief (d/e 22) (Amended Complaint) in March 2006.  The Amended Complaint seeks a declaratory judgment that Defendants Colt LLC (Colt) and IEC (Montgomery) LLC (IEC) do not have the right to use the longwall method of mining to extract coal from certain

1

property located within Montgomery County, Illinois, and an injunction prohibiting them from longwall mining that property. Defendants move to dismiss the Amended Complaint for lack of jurisdiction and lack of necessary parties, pursuant to Fed. R. Civ. P. 12(b)(1) & (7). For the reasons set forth below, the case is dismissed for lack of jurisdiction. Plaintiff, however, is granted leave to file a second amended complaint.

<u>BACKGROUND</u>

The following facts are taken from the allegations of the Amended Complaint. Colt is a West Virginia limited liability company engaged in coal mining activities. Colt's members are domiciled in West Virginia. IEC is an Illinois limited liability company engaged in coal mining activities. Its members are domiciled in Alabama. The Amended Complaint alleges that none of CALM's members are citizens of West Virginia or Alabama.

In December 2003, IEC acquired the coal and appurtenant mining rights to approximately 85,000 acres in Montgomery County. In December 2005, Colt acquired separate coal and appurtenant mining rights to approximately 120,000 acres in Montgomery County at a purchase price of $6.2 million. The Amended Complaint asserts that IEC and Colt are planning to mine their coal in Montgomery County using the longwall

method of coal mining.  The Amended Complaint explains longwall mining as follows:

> a method of coal removal in which subsidence of the surface is planned and intentional.  Longwall mining is a high extraction method of coal mining in which a high-powered cutting machine shears away all coal between the floor and ceiling, leaving no support pillars.  Movable roof supports advance as the bed is cut, allowing the roof to fall as the mining progresses.

Amended Complaint, ¶ 10.  The Amended Complaint defines subsidence as "the lowering of strata overlying a coal mine, including the land surface, caused by the extraction of underground coal." Id., ¶ 11.  According to the Amended Complaint, the lowering of surface strata can have devastating effects, including damage to the structural integrity of houses and buildings, lowering and cracking of roads, severance of utility lines, severance of oil and gas wells, creation of sinkholes or troughs, and the loss of streams, water impoundments, wells and aquifers.

The Amended Complaint contrasts longwall mining with the "standard method" of mining coal, which it describes as the room-and-pillar method.  Id., ¶ 13.  According to the Amended Complaint, during room-and-pillar mining, surface support remains in the form of coal pillars.  The Amended Complaint asserts that "[u]nlike the standard method of room

and pillar mining, the longwall mining method allows intentional subsidence of surface lands without the need to prevent subsidence to the extent feasible, maximize mine stability or maintain the value and reasonably foreseeable uses of surface lands." Id., ¶ 14.

CALM is an Illinois not-for-profit corporation with its principal place of business in Illinois.  The Amended Complaint alleges that CALM's "members include persons owning real estate in Montgomery County, Illinois," and specifically, that its "members include persons owning surface rights over mineral estates that Defendants have expressed an intent to subside using the longwall method and who would be injured by subsidence damage to their property and to the environment." Amended Complaint, ¶¶ 3, 21.  According to the Amended Complaint, between 1907 to 1921, property owners in Montgomery County deeded coal rights to various persons or companies (severance deeds).  These deeds severed the ownership of the surface estate from the ownership of the mineral estate.  Both interests were transferred separately over time to the respective current owners.  According to the Amended Complaint, CALM's members "own property above the subject mineral estates worth in excess of $75,000, including farmland, both residential and commercial structures, wells,

4

ponds, drain tiles and personal property." Id., ¶ 23. The Amended Complaint alleges that Defendants have injured CALM members' property rights by stating a plan to intentionally subside the members' properties. Id., ¶ 22.

Plaintiff argues that the severance deeds do not give the mineral owner the right to engage in longwall mining. The Amended Complaint asserts that, while numerous deeds are involved, Plaintiff has identified at most six language variations in the severance deeds. Plaintiff seeks a declaratory judgment that, under any of the identified variations, the severance deeds do not give the mineral owners the right to longwall mine, as well as a permanent injunction enjoining Defendants from conducting longwall mining pursuant to any deeds adjudicated not to contain the right to do so.

Plaintiff filed its original Complaint (d/e 1) in November 2005. Pursuant to motions to dismiss filed by both Defendants, the Court dismissed the original Complaint for lack of subject matter jurisdiction. Opinion, March 1, 2006 (d/e 20). The Court granted Plaintiff leave to replead, which it has done. The instant Motions to Dismiss followed.

## ANALYSIS

Defendants assert that the Amended Complaint is insufficient to cure

the deficiencies noted by the Court in its ruling on the previous motions to dismiss.  IEC moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting that CALM fails to allege a ripe controversy.  IEC also challenges CALM's allegation that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332.  Colt moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of ripe controversy and under Fed. R. Civ. P. 12(b)(7) for failure to join necessary parties.  As set forth below, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction.

A.    Justiciability

The Court reiterates the basic principles of justiciability set forth in its prior opinion.  Under Article III of the United States Constitution, a party seeking to invoke federal court jurisdiction must present an actual case or controversy, a requirement that is referred to as the concept of justiciability. See Flast v. Cohen, 392 U.S. 83, 95 (1968).  The purpose of the requirement is to ensure that a plaintiff has "'a personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  Under the case or controversy requirement, a plaintiff seeking to invoke the power

of the federal court bears the burden of demonstrating: (1) an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the conduct complained; and (3) that a favorable decision likely will redress the injury.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)(internal quotations omitted).  Thus, the "case or controversy" requirement is the basis for a number of interrelated doctrines, including ripeness.  <u>See</u> <u>Smith v. Wisconsin Dept. of Agric.</u>, 23 F.3d 1134, 1141 (7th Cir. 1994).

Both IEC and Colt assert that dismissal is warranted on ripeness grounds.  In the declaratory judgment context, an actual controversy ripe for decision exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941).  The Court recognizes "that pleadings in declaratory judgment actions are subject to the same rules of notice pleading as all other actions."  <u>GNB Battery Technologies, Inc. v. Gould, Inc.</u>, 65 F.3d 615, 620 (7th Cir. 1995).

This Court determined that the allegations of CALM's original Complaint were insufficient to support a finding that a ripe controversy existed.  Opinion, March 1, 2006, p. 10.  CALM's original Complaint alleged that IEC owned the mineral rights to 85,000 acres in Montgomery County and that Colt had executed a purchase agreement for the mineral rights to a separate 120,000 acres in Montgomery County.  The Complaint further alleged that Defendants had expressed "intent" to mine their coal in Montgomery County using the longwall method and that CALM's members included persons owning surface rights over mineral estates that Defendants had expressed an intent to mine.  Complaint, ¶¶ 8-9, 17.  The original Complaint asserted that CALM members "would be injured by subsidence damage to their property and to the environment.  Id., ¶ 17.

In its Opinion dismissing CALM's Original Complaint, the Court determined that CALM's allegations were sufficient to support a finding of representative standing under Article III, "to the extent CALM's members are personally injured."  Opinion, March 1, 2006, p. 6-8.  The Court then turned to the question of ripeness. In its analysis of the ripeness issue, this Court specifically noted that the Complaint failed to specify when such mining would occur and failed to identify any steps taken toward beginning

the mining.  The Court further noted that, under the allegations of the Complaint, Colt's only interest in the mineral rights at issue was an executed purchase agreement.  The Court concluded that the original Complaint lacked allegations of imminent injury, noting the Supreme Court's warning that "'Allegations of possible future injury do not satisfy the requirements of Art. III.  A threatened injury must be certainly impending to constitute injury in fact.'"  Opinion, March 1, 2006, p. 10 (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)).

The Court turns to the allegations of the Amended Complaint.  As an initial matter, the Court notes that, while CALM seeks a declaratory judgment relating to six expressly identified language permutations in the severance deeds, there are no allegations that CALM members own surface rights to property with mineral rights deeded in each of these ways.  The Court reiterates that CALM has standing only to the extent its members are personally injured, and CALM bears the burden of demonstrating that an injury in fact exists.  Therefore, as the case is currently postured, allegations that CALM members own property deeded in each of these ways are essential before this Court can interpret all six of the identified language permutations.  Furthermore, the Court notes that CALM's prayer for relief

in the Amended Complaint seeks an order "enjoining Defendants from longwall mining pursuant to any deeds or deed language adjudicated not to contain such rights." <u>Amended Complaint</u>, p. 7.  To the extent CALM seeks an injunction relating to any land other than that for which CALM members own surface rights, CALM fails to establish that its members are personally injured such that Article III standing would exist.  The Court turns its analysis to the question of ripeness under the allegations of the Amended Complaint.

Like the original Complaint, the Amended Complaint asserts that "CALM's members include persons owning surface rights over mineral estates that Defendants have expressed an intent to subside using the longwall method and who would be injured by subsidence damage to their property and to the environment." <u>Amended Complaint</u>, ¶ 21.  However, the Amended Complaint further alleges as follows: "By stating a plan to intentionally subside these members' properties, these members' property rights have been injured, including the rights to full use, enjoyment and marketability of their property." <u>Id</u>., ¶ 22.

With respect to Defendant Colt, the Amended Complaint alleges that (1) Colt "is engaged in coal mining activities," (2) Colt owns the coal and

appurtenant mining rights to approximately 120,000 acres in Montgomery County, (3) Colt "is planning to mine its coal in Montgomery County using the longwall method," (4) in February 2005, Colt told a meeting of the Montgomery County Farm Bureau that it planned to apply for permits in 2005 to build a longwall mining operation in Montgomery County, (5) Colt has spent hundreds of hours of legal research to determine the status of coal and subsidence rights, (6) since February 2005, Colt has repeatedly and publicly stated its plan to longwall mine the Montgomery County property, and (7) Colt has advanced multiple test borings in furtherance of its plan to longwall mine.  Amended Complaint, ¶¶ 4, 7, 9, & 15-18.

The Amended Complaint's allegations concerning IEC are less substantial than those relating to Colt.  The Amended Complaint alleges only that: (1) IEC "is engaged in coal mining activities," (2) IEC owns the coal and appurtenant mining rights to approximately 85,000 acres in Montgomery County, (3) IEC "is planning to mine its coal in Montgomery County using the longwall method," and (4) IEC has advanced multiple test borings in furtherance of its plan to longwall mine.  Amended Complaint, ¶¶ 5, 6, 8, & 18.

With respect to future harm, the allegations against Colt and IEC in

the Amended Complaint are similar to those this Court deemed lacking in the original Complaint. Turning first to Colt, the Amended Complaint adds allegations that Colt now owns the coal and appurtenant mining rights at issue; that Colt is planning to mine its coal using the longwall method; that Colt told a Farm Bureau meeting that it planned to apply for permits in 2005 to build a longwall mining operation in Montgomery County; that Colt has spent hundreds of hours of legal research relating to the status of coal and subsidence rights; that Colt has repeatedly and publicly stated its plan to longwall mine the Montgomery County property; and that Colt has advanced multiple test borings in furtherance of its plan to longwall mine. The only new allegations with respect to IEC are that IEC is planning to mine its coal in Montgomery County using the longwall method and that IEC has advanced multiple test borings in furtherance of its plan to longwall mine.

Once again, the Court deems the allegations to be insufficient to show that a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment exists. The Amended Complaint lacks any allegations as to when mining will occur. The only steps allegedly taken toward beginning the mining process are test borings by both

Defendants.  There is no allegation that either Defendant has applied for the permits necessary under Illinois law before mining can begin. Additionally, the Amended Complaint is devoid of any indication as to where mining will occur and contains no allegations regarding which land in question has surface rights that are owned by CALM members.  Under all of the circumstances, these allegations fail to satisfy the requirements of Article III because they fail to allege an injury that is certainly impending.

In addition to the allegations of future harm discussed above, CALM, in the Amended Complaint, asserts that the surface owners have already been harmed by the Defendants' expressed intent to longwall mine their coal in Montgomery County.  CALM's sole allegation relating to this harm is that "[b]y stating a plan to intentionally subside these members' properties, these members' property rights have been injured, including the rights of full use, enjoyment and marketability of their property."  Amended Complaint, ¶ 22.  In its Response in Opposition to Defendant IEC (Montgomery) LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (d/e 30), CALM asserts that, under Illinois law, surface owners possess a right of surface support that must be expressly waived.  CALM further asserts that, by expressing an intent to intentionally subside the

surface, Defendants assert "that the surface owners have waived their rights, thus preventing the surface owners from full enjoyment and use of their property." Id., p. 3. Once again, the injury alleged is too hypothetical and conjectural to support a finding that the matter is ripe.

As previously noted, the Amended Complaint fails to allege when or where mining will occur and contains no allegations regarding which land in question has surface rights that are owned by CALM members. The Court *again* notes that, while CALM seeks a declaratory judgment relating to six expressly identified language permutations in the severance deeds, there are no allegations that CALM members own surface rights to property with mineral rights deeded in each of these ways. Finally, as CALM expressly recognizes, the right of surface support may be waived under Illinois law. While the Amended Complaint asserts that Defendants plan to mine their coal using the longwall method, there are no allegations that Defendants purport that they already possess the right to do so under surface land owned by CALM members. Under all of the circumstances, it is clear that CALM fails to allege a concrete invasion of a legally protected interest. Thus, CALM's allegations of actual injury are insufficient to satisfy Article III and must be dismissed as well. For the reasons set forth above,

Defendants' requests to dismiss for lack of subject matter jurisdiction are allowed. The Court, however, allows Plaintiff's request to file a second amended complaint. See Leaf v. Supreme Court of State of Wis., 979 F.2d 589, 595 (7th Cir. 1992); 28 U.S.C. § 1653. Plaintiff is granted leave to file a second amended complaint on or before July 31, 2006.

B.    28 U.S.C. § 1332

Because the Court is granting CALM leave to replead, the Court turns to the question of diversity jurisdiction under 28 U.S.C. § 1332. In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000, exclusive of interest and costs. The Seventh Circuit recently reiterated "the requirement that a party that chooses federal court set out the basis of federal jurisdiction and prove any contested factual allegation." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (2006) (citing Fed.R.Civ.P. 8(a)(1), 12(b)(1); Lujan, 504 U.S. at 561-62).

The Court notes that the Amended Complaint sufficiently alleges that the parties are diverse and turns to an analysis of the jurisdictional amount. IEC asserts that CALM's claims should be dismissed based on CALM's failure to establish the requisite amount in controversy. In a suit for

equitable relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977). The Seventh Circuit has adopted the "either viewpoint" rule for valuing the object of the litigation, under which "the object may be valued from either perspective-what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." Macken v. Jensen, 333 F.3d 797, 799-800 (7th Cir. 2003) (citing In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 609-10 (7th Cir. 1997); Uhl v. Thoroughbred Technology & Telecommunications, Inc., 309 F.3d 978, 983-84 (7th Cir. 2002)). This Court's Order dismissing the original Complaint predated the recent Seventh Circuit opinion in Meridian Sec. Ins. Co. v. Sadowski. In Meridian, the Seventh Circuit held "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian, 441 F.3d at 543.

The Amended Complaint asserts verbatim as follows: "[t]he amount in controversy, respecting each Defendant individually $75,000, exclusive of interests and costs." Amended Complaint, ¶ 1.  The Amended Complaint further alleges that CALM:

> members own property above the subject mineral estates worth in excess of $75,000, including farmland, both residential and commercial structures, wells, ponds, drain tiles and personal property.  Damage to this property caused by dropping the land four to five feet may result in damages which are either irreperable [sic] or for which the cost to repair exceeds the value of the property.

Id., ¶ 23.  These are the only allegations relating to the jurisdictional amount.

While IEC characterizes its challenge as a factual one, it is clear to the Court that the jurisdictional allegations of the Amended Complaint are insufficient on their face.  As a preliminary matter, the Court notes that the Amended Complaint lacks even a basic allegation that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Moreover, the Amended Complaint is devoid of factual allegations regarding the economic effect declaratory and injunctive relief would have on the Defendants individually.  Analyzing the jurisdictional amount from the Plaintiff's viewpoint, the Amended Complaint fails to allege that any of CALM's

members meet the jurisdictional amount individually.  See Hunt, 432 U.S. at 346-48.  The Amended Complaint lacks allegations regarding which or how much land has surface rights that are owned by CALM members.  The Amended Complaint is also devoid of any allegations regarding the amount of actual loss that CALM members have already suffered in damage to the enjoyment, use, and marketability of their property or any indication as to the amount CALM members stand to gain should CALM prevail.  Thus, the Amended Complaint must be dismissed for failure to satisfy 28 U.S.C. § 1332.  Although Colt failed to raise the amount in controversy in its Motion to Dismiss, the Court has an independent duty to verify its own jurisdiction.  Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004).  Therefore, the Amended Complaint is dismissed in its entirety for failure to allege the requisite amount in controversy.

IEC states that it is raising a factual challenge to the alleged jurisdictional amount.  IEC, however, challenges the sufficiency, rather than the truth, of CALM's factual jurisdictional allegation.  IEC characterizes CALM's allegations as conclusory, asserts that CALM is engaging in improper aggregation, and argues that CALM fails to include allegations that would support a determination that the object of the litigation exceeds

$75,000 from any viewpoint.   The Court addressed each of these shortcomings in its facial analysis above.   Furthermore, because the Court finds that CALM's jurisdictional allegations fail on their face, the Court does not consider the Affidavit of Dale Miller, that is attached to Plaintiff's Response in Opposition to Defendant IEC (Montgomery) LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), which relates to a factual challenge.   The Court notes, however, that, while the Affidavit places values on various property owned by Miller, there is no indication in the record that Defendants own the mineral rights under all of these items, nor is there any indication of the amount Miller has already been injured or that he stands to gain should CALM prevail.   See Meridian, 441 F.3d at 540-41.

C.   Failure to Join Necessary Parties

Colt again moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join necessary parties under Fed. R. Civ. P. 19.   Rule 19 governs the joinder of persons necessary for just adjudication.   Rule 19 provides for a bifurcated analysis.   The Court must first determine whether the party in question is a necessary party.   A party is necessary:

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the

> disposition of the action in the person's absence may (i) as a
> practical matter impair or impede the person's ability to protect
> that interest or (ii) leave any of the persons already parties
> subject to a substantial risk of incurring double, multiple, or
> otherwise inconsistent obligations by reason of the claimed
> interest.

Fed. R. Civ. P. 19(a).  If the Court deems a party necessary, the party should be joined if feasible.  Id.  However, if the party cannot be joined the court shall determine whether "in equity and good conscience the action should proceed among the parties before it," or if it should be dismissed because the absent party is indispensable.  Fed. R. Civ. P. 19(b).

Colt asserts that there are numerous unidentified surface owners and fractional mineral owners who are necessary, indispensable parties to the instant lawsuit.  According to Colt, "[i]t is likely that a great number of the unnamed surface owners, coal owners and royalty owners are citizens of the State of Illinois" such that joinder would destroy diversity jurisdiction.  Brief in Support of Defendant Colt, LLC's Motion to Dismiss Amended Complaint (d/e 29), p. 7.  In ruling on a Rule 12(b)(7) motion to dismiss for failure to join an indispensable party under Rule 19, the Court must accept the allegations of the complaint as true.  Davis Comp. v. Emerald Casino, Inc., 268 F.3d 477, 479 (7th Cir. 2001).  The Court may, however, look

outside of the pleadings and consider extrinsic evidence.  Id. at 480.

Colt, as the moving party, has the burden of persuasion when it argues for dismissal pursuant to Rule 19.   Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli, 950 F.Supp. 1406, 1414 (E.D. Wis.1997).  Dismissal is appropriate under Rule 12(b)(7) when joinder of a necessary party is not feasible if the Court determines that in equity and good conscience the action should not proceed among the parties before it. As the Court noted in its justiciability analysis, CALM lacks standing to seek declaratory and injunctive relief relating to land the surface rights of which are not owned by CALM members.  To the extent CALM seeks such relief, the parties owning the surface interests of the land at issue would be necessary parties.  Furthermore, the Court notes that, while CALM seeks a declaratory judgment relating to six expressly identified language permutations in the severance deeds, there are no allegations that CALM members own surface rights to property deeded in each of these ways.  To the extent CALM seeks a declaratory judgment relating to language of deeds relating to land that is not owned by CALM members, the parties holding interests in that land would be necessary parties.  However, dismissal under Fed. R. Civ. P. 12(b)(7) is not appropriate because Colt again fails to meet

its burden of showing that joinder of the absent unidentified surface owners and fractional mineral owners is not feasible.  There is no evidence as to the citizenship of these parties for diversity jurisdiction purposes.  Colt's mere supposition that it is likely that a great number of these unnamed surface, coal, and royalty owners are citizens of the State of Illinois is insufficient to support dismissal under Rule 12(b)(7).  Colt's request to dismiss under Rule 12(b)(7) for failure to join unidentified surface owners and fractional mineral owners is denied.

Colt invites the Court to revisit its prior ruling that Montgomery County is not a necessary party to the instant litigation.  Colt, however, fails to identify any new evidence or raise any persuasive arguments in support of reconsideration.  The Court will not disturb its prior ruling.

THEREFORE, Defendant IEC (Montgomery) LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (d/e 26) is ALLOWED and Defendant Colt LLC's Motion to Dismiss Amended Complaint (d/e 28) is ALLOWED, in part, and DENIED, in part.  This Court lacks subject matter jurisdiction, and thus, the Amended Complaint is dismissed.  Plaintiff, however, is granted leave to file a second amended complaint by July 31, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   July 13, 2006.

FOR THE COURT:

_____s/  Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE