**E-FILED**
Monday, 07 April, 2008  01:57:42 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| CITIZENS AGAINST LONGWALL MINING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  05-3279 |
| COLT LLC, and IEC (Montgomery) LLC, | ) ) ) | |
| Defendants. | ) ) | |

<u>**OPINION**</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Colt LLC's Motion for Summary Judgment (d/e 59) (Colt's Motion for Summary Judgment), Plaintiff Citizens Against Longwall Mining (CALM)'s Motion for Summary Judgment Against Colt LLC (d/e 61) (CALM's Motion for Summary Judgment), and CALM's Motion to Strike Certain Exhibits to Colt LLC's Motion for Summary Judgment (d/e 68) (Motion to Strike).  CALM, an Illinois not-for-profit corporation, filed its Second Amended Complaint for Declaratory and Injunctive Relief (d/e 33) (Second Amended Complaint) on July 31, 2006.  The Second Amended Complaint seeks a declaratory

judgment and injunction barring Defendants Colt and IEC (Montgomery) LLC from using the longwall method of mining to extract coal from property the surface rights of which are owned by CALM members. As set forth below, the Motion to Strike is allowed, in part, and denied, in part. Because the undisputed facts at summary judgment reveal that this Court lacks subject matter jurisdiction, CALM's claims against Colt are dismissed.

A.   <u>MOTION TO STRIKE</u>

Before reaching the facts of the case, the Court must address CALM's Motion to Strike, which asks the Court to strike Exhibits A, B, G, H, J, Q, R, S, T, and U to Colt's Motion for Summary Judgment. It is well-established that "[s]worn testimony is not the only basis on which summary judgment may be granted; rather, the court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits." <u>Woods v. City of Chicago</u>, 234 F.3d 979, 988 (7th Cir. 2000) (internal citations and quotations omitted). CALM asserts that Exhibits A, B, G, H, J, R, S, T, and U do not constitute evidence that can be considered at summary judgment because they are not supported by affidavit or otherwise made admissible. CALM objects to Exhibit Q, the Affidavit of Colt's expert witness Robert Bauer, based on

Colt's alleged untimely disclosure.

The Court turns first to Exhibits A, B, G, H, J, R, S, T, and U. These documentary exhibits were offered into the record without any supporting affidavits to verify their authenticity. CALM contends that the exhibits are not properly authenticated and are hearsay. Under Federal Rule of Evidence 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Federal Rule of Evidence 902, however, provides that some documents are self-authenticating such that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required." With respect to hearsay, it is clear that hearsay is not admissible absent the application of an express hearsay exception. Fed. R. Evid. 802. The Court addresses CALM's challenges with these principles in mind.

Exhibit A is a Real Estate Purchase Agreement between Montgomery County and Colt, and Exhibit B is a Quit-Claim Deed between Montgomery County and Colt. Colt asserts that each of these documents falls within the Federal Rule of Evidence 803(14) hearsay exception for records affecting an interest in property. The Court agrees. The Court further notes that the

Purchase Agreement, Exhibit A, is notarized and, thus, self-authenticating under Rule 902(8).  The Quit-Claim Deed, Exhibit B, is a public document under seal with a signature purporting to be an attestation and, thus, self-authenticating under Rule 902(1).  CALM's request to strike these exhibits is denied.

Exhibit G purports to be a plat map with a mine plan set out on it.  As an initial matter, the Court notes that there is no foundation to support the location of the mine plan on the map.  During their depositions, CALM members Mark Bertolino, Catherine Edmiston, and Clarence Loucks were asked to mark property that they owned on the plat map, and they did so.  Response to Plaintiff's Motion to Strike (d/e 72), Ex. D, E, & F.  Thus, foundation exists for the location of these properties.  None of the testimony that is before the Court, however, authenticates the map itself.  From its face, Exhibit G does not appear to be self-authenticating, and Colt has failed to identify any other source of authentication for the map.  CALM's request to strike Exhibit G is allowed.

Exhibit H purports to be an Application for a Mining Permit filed by Hillsboro Energy LLC with the Illinois Department of Natural Resources, and Exhibit J purports to be a mine plan map that was filed with the Permit

Application.   Colt asserts that these documents are excepted from the hearsay rule as public documents under Rule 803(8).  The exhibits on their face, however, do not meet the definition of Rule 803(8), which exempts the following:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).  Colt fails to identify any other applicable hearsay exception, and thus, these exhibits, as submitted, are inadmissible.  Moreover:

> To be admissible as a business record, a document must have sufficient indicia of trustworthiness to be considered reliable. Normally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records.

Woods, 234 F.3d at 988 (citations omitted).  Colt fails to identify a basis

for authentication of these documents, which are not certified or notarized. CALM's request to strike Exhibits H and J is allowed.

Exhibit R is a Directory of Coal Mines in Illinois, Montgomery County, published by the Illinois Department of Natural Resources in December 2007. This document is self-authenticating under Rule 902(5). Colt asserts that it is excepted from the hearsay rule as a public document under Rule 803(8). However, Colt makes no showing that the document sets forth either the activities of the agency or matters observed pursuant to duty imposed by law as to which there was a duty to report. Thus, Colt fails to show that a hearsay exception applies to this exhibit, and CALM's request to strike Exhibit R is allowed.

Exhibits S, T, and V are Annual Coal Reports from the Illinois Bureau of Labor Statistics for the years 1904, 1906, and 1913. These exhibits are self-authenticating under Rule 902(5). Colt asserts that they are excepted from the hearsay rule under Rule 803(8) and 803(16). The Court agrees. These documents clearly fall within the definition of Rule 803(8). Additionally, they qualify as statements in documents in existence twenty years or more, the authenticity of which is established. Therefore, CALM's request to strike Exhibits S, T, and V is denied.

6

Exhibit U is a Bulletin of Illinois Coal Mining Investigations from July 1914, published by the Illinois State Geological Survey, the Department of Mining Engineering of the University of Illinois, and the U.S. Bureau of Mines. This exhibit is self-authenticating under Rule 902(5) and excepted from the hearsay rule under Rule 803(8) and 803(16). CALM's request to strike Exhibit U is denied.

The Court turns next to Exhibit Q, which Colt identifies as the Affidavit of Colt's expert witness Robert Bauer. The Court notes that Exhibit Q also contains Bauer's Vitae and what Bauer describes as a brief report summarizing the information and data that he discovered while researching the history of longwall mining in Illinois. CALM seeks to strike the exhibit based on the fact that Colt failed to timely disclose Bauer as an expert witness as required under Federal Rule of Civil Procedure 26(a)(2). Under Rule 26(a)(2)(C), expert disclosures must be made "at the times and in the sequence that the court orders." The applicable scheduling order in the instant case set the following relevant deadlines: "Fact Discovery due by 12/5/2007, Plaintiff's Expert Disclosure due by 12/5/2007, Defendant's Expert Disclosure due by 1/5/2008, Expert Discovery due by 2/5/2008, Dispositive Motions due by 2/15/2008." Text Order, dated November 5,

2007.

The record reveals that, on December 5, 2007, Plaintiff disclosed only the name of its purported expert, Daniel Barkley.  By letter dated December 21, 2007, Colt informed Plaintiff that it believed Plaintiff's disclosure was insufficient under Rule 26(a)(2)(B) and requested compliance at the earliest convenience.  Response to Plaintiff's Motion to Strike, Ex. A.  The letter further provided:

> Because we do not have the necessary information regarding your expert witness, we will be unable to provide Defendant's expert witness disclosure by January 5th, 2007 [sic].  We will need thirty (30) days from the date we receive full disclosure from you regarding Plaintiff's expert in order to be able to provide Defendant's Rule 26 expert witness disclosure.

Id.  CALM responded by letter dated January 2, 2008.  The letter stated CALM's position that, because Barkley was a non-retained expert, it did not need to comply with Rule 26(a)(2)(B).  The Court notes that this is a correct interpretation of Rule 26(a)(2)(B).  CALM's letter did not address Colt's request for an extension of its own deadlines.

Colt tendered its expert witness disclosure on January 28, 2008.  Motion to Strike, Ex. B.  On February 15, 2008, Colt filed its Motion for Summary Judgment.  According to Plaintiff's attorney, he had not seen

Bauer's Affidavit, dated February 14, 2008, or his report, dated "2-2008," prior to receiving the summary judgment motion.

Under Federal Rule of Civil Procedure 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  While Colt focuses on CALM's lack of objection to its requested extension, the Court notes CALM's lack of agreement to it.  Colt could have sought an extension of its deadlines from the Court; it did not.  Colt fails to show that its Rule 26(a) violation was substantially justified.  Additionally, Colt fails to establish that its violation was harmless.  It is clear from the record that Colt tendered its expert disclosure just days before the close of expert discovery on February 5, 2008.  CALM's request to strike Exhibit Q is allowed.

Therefore, the Court allows CALM's Motion to Strike, in part.  The Court strikes Exhibits G, H, J, Q, and R and will not consider them in ruling on the pending Motions for Summary Judgment.  The Motion to Strike is denied in all other respects, and the Court turns its attention to the pending Motions for Summary Judgment.  The Court notes, however, that CALM

filed its Response to Defendant Colt's Motion for Summary Judgment (d/e 69) (CALM's Response) on the same day as the Motion to Strike.  While CALM's Response incorporated by reference the objections set out in the Motion to Strike, CALM nevertheless conceded several material facts that were supported by documents that have now been stricken.  <u>CALM's Response</u>, p. 1-2.  In considering the undisputed facts, the Court will view CALM's concessions as relating only to the statements set out in Colt's Motion for Summary Judgment and not to the underlying evidentiary support.

      B.   <u>MOTIONS FOR SUMMARY JUDGMENT</u>

According to the Second Amended Complaint, from approximately 1907 to 1921, property owners in Montgomery County deeded coal rights to various persons or companies (severance deeds).  <u>Second Amended Complaint</u>, ¶ 31.  These deeds severed the ownership of the surface estate from the ownership of the mineral estate.  <u>Id</u>., ¶ 32.  Both interests were transferred separately over time to the respective current owners, including CALM members and Defendant Colt.  <u>Id</u>.  Plaintiff argues that the severance deeds do not give the mineral owner the right to engage in longwall mining.  The Second Amended Complaint asserts that, while

numerous deeds are involved, Plaintiff has identified, at most, six language variations in the severance deeds relating to property owned by CALM members. Id., ¶ 37. Plaintiff seeks a declaratory judgment that, under any of the identified variations, the severance deeds do not give the mineral owners the right to longwall mine, as well as a permanent injunction enjoining Defendants from conducting longwall mining pursuant to any deeds adjudicated not to contain the right to do so. Second Amended Complaint, p. 9. Colt and CALM have now filed cross-motions for summary judgment.

The following facts are undisputed. On December 5, 2005, Colt acquired the rights and title to approximately 120,000 acres of coal lying within Montgomery County, Illinois, for the price of $6.2 million plus additional royalties. Colt owns the right and title to coal lying underneath surface properties owned by CALM members Catherine Edmiston, Bill Schluckebier, Mark Bertolino, and Clarence Loucks. It is undisputed that Colt has published its intention to longwall mine its holdings in Montgomery County. In negotiating the purchase of the mineral rights, Jim Morris, the authorized agent of Colt, informed the Montgomery County Board that Colt intended to utilize the longwall form of mining. According

to Morris, only longwall mining was considered because any other method would not be economical.  It is undisputed that Colt has given no assurances that longwall mining will not take place in any location where it owns coal rights; however, it is also undisputed that Morris had publically indicated that Colt would not longwall mine under property for which it does not own the subsidence rights.  Prior to the December 2005, purchase, Colt spent hundreds of hours on legal research at the Montgomery County Recorder's Office, attempting to determine the status of coal and subsidence rights.  Morris subsequently stated that about 40% of the coal purchased by Colt included subsidence rights.  Colt does not, however, answer questions by surface owners regarding subsidence rights, but rather directs them to look at their title information and seek legal counsel.

On September 21, 2007, Hillsboro Energy LLC, an affiliate of Colt, filed an application for a mining permit with the Illinois Department of Natural Resources Office of Mines and Minerals.  Significantly, CALM does not contest Colt's assertion that there are no CALM members who own any real estate interests involved in the permit application.  Colt's Motion for Summary Judgment, p. 5, Undisputed Material Fact No. 15, CALM's Response, p. 3, Response to Colt's Undisputed Material Fact No. 15

(disputing only the assertion that no CALM members own real estate in East Fork Township).  CALM also does not dispute that the estimated completion date of the mine plan set out in this application is 2016, although it does assert that Colt has indicated that more than one mine may be developed.  CALM member Bertolino testified that Colt has represented that it intended to mine more ground than set out in the permit application. Colt's Motion for Summary Judgment, Ex. D, p. 3-4, Deposition of Mark Bertolino, p. 128-129.  Bertolino, however, acknowledged that, in Illinois, a coal company cannot mine outside of the area that it has been permitted by the state to mine and that, if a permit is approved, the company may only mine the property submitted in the permit application.  Id.  It is undisputed that Colt has indicated that up to two mines could be developed.  It is also undisputed that Colt has asked certain property owners, including Loucks, for permission to conduct core drillings on their property.  Colt concedes that it performed core drillings in areas it was interested in mining first.

The Second Amended Complaint alleges that CALM members have been injured by the threat of longwall mining in Montgomery County in that the marketability of their property has diminished due to the stigma

13

surrounding longwall mining. CALM now concedes that it does not have any information about the diminished marketability or the loss of enjoyment of any CALM members' properties, other than Bertolino's testimony that, in the summer of 2006, he built a grain bin on his father's property rather than his own because his father owned the subsidence rights to the property. Colt's Motion for Summary Judgment, p. 5, Undisputed Material Fact No. 20, CALM's Response, p. 3-4, Response to Colt's Undisputed Material Fact No. 20; see also CALM's Motion for Summary Judgment, Attachment 6, p.21-22, Deposition of Mark Bertolino, p. 82-85. CALM concedes that the value of land in Montgomery County has increased in the last two years. The record reveals that, due to the high cost of corn and soybeans in the past two years, the value of Bertolino's property has increased. CALM concedes that Edmiston has not had her property appraised in the last ten years and does not know its current value. The record reveals that Loucks has not made any attempt to determine the value of his property. Additionally, CALM does not identify any evidence relating to the value of Schluckebier's property.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact and that judgment as a matter of law is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  When a properly supported motion for summary judgment has been made, the party opposing summary judgment may not merely rest on the pleadings but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "A party must present more than mere speculation or conjecture to defeat a summary judgment motion." Liu v. T & H Machine, Inc., 191 F.3d 790, 796 (7th Cir. 1999). The Court must consider the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. See Anderson, 477 U.S. at 255.

Several of Colt's summary judgment arguments relate to the justiciablity of CALM's claims, a necessarily threshold issue.  Specifically, Colt asserts that the Court lacks subject matter jurisdiction because the case

is not ripe, and Plaintiff lacks standing.  It is well-established that a federal court may not rule on the merits of a case without first assuring that it has subject matter jurisdiction.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).  Under Article III of the United States Constitution, a party seeking to invoke federal court jurisdiction must present an actual case or controversy.  See Flast v. Cohen, 392 U.S. 83, 95 (1968).  Under the case or controversy requirement, a plaintiff seeking to invoke the power of the federal court bears the burden of demonstrating: (1) an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the complained of conduct; and (3) that a favorable decision likely will redress the injury.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Thus, the "case or controversy" requirement is the basis for a number of interrelated doctrines, including standing and ripeness.  See Smith v. Wisconsin Dept. of Agric., 23 F.3d 1134, 1141 (7th Cir. 1994).

The party who invokes federal jurisdiction bears the burden of establishing that subject matter jurisdiction exists.  "[E]ach element must be supported in the same way as any other matter on which the plaintiff

bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. Thus, at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. "In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Id. (internal quotations and citation omitted).

"When a plaintiff is an association, the association has Article III standing to represent the interests of its members if the individuals have standing in their own right; the interests represented are germane to the association's purpose; and the relief sought does not require the participation of the individual members." Texas Independent Producers & Royalty Owners Assoc. v. Environmental Protection Agency, 410 F.3d 964, 971 (7th Cir. 2005). CALM's Articles of Incorporation state a purpose of opposing longwall mining and other planned subsidence methods in order to preserve agriculture, the environment, and other affected interests. While the interests represented in the instant suit are germane to CALM's purpose, CALM fails to establish that any of its members have standing in

17

their own right.  In order for an individual to have standing, he must demonstrate an invasion of a legally protected interest, a causal connection between the injury and the defendant's actions, and that it is likely that the injury will be redressed by a favorable decision.  Lujan, 504 U.S. at 560.  In order for a matter to be ripe, the injury in question must be "actual or imminent, not conjectural or hypothetical."  Id.  These requirements extend to suits seeking declaratory relief.  See Deveraux v. City of Chicago, 14 F.3d 328, 330 (7th Cir. 1994); 28 U.S.C. § 2201.

CALM fails to establish that any of its members have suffered an actual or imminent injury as a result of Colt's conduct.  CALM concedes that an affiliate of Colt has filed an application for a mining permit with the State of Illinois that has an estimated completion date of 2016.  CALM concedes that there are no CALM members who own real estate interests for any property involved in the permit application.  Under 225 ILCS 720/2.01, it is unlawful for any person to engage in coal mining operations without first obtaining a permit to do so from the Illinois Department of Natural Resources.  While Colt could certainly seek additional permits, the Court notes that the permit process includes an extensive notice and public review procedure.  225 ILCS 720/2.04.  Moreover, Plaintiff recognizes that Colt

has indicated that it will not longwall mine under property for which it does not own subsidence rights and that it estimates that it owns subsidence rights for approximately 40% of its coal in Montgomery County.  <u>CALM's Motion for Summary Judgment</u>, p. 2-3, Undisputed Material Facts No. 8 & 14.  There is no evidence that Colt has claimed to possess subsidence rights for CALM members' property.  It is undisputed that Colt sought permission from Loucks to conduct core drillings on his property and indicated that it conducted core drillings in areas it was interested in mining first.  This, however, is insufficient to establish that Loucks faces imminent injury, especially in light of the fact that Colt has not begun the required permit process for any of his land.  CALM lacks any evidence that Colt has imminent plans to mine beneath any CALM member's property.

Similarly, CALM fails to establish that any of its members have already suffered injury as a result of Colt's conduct.  The record is devoid of evidence of diminished property marketability, and CALM in fact concedes that property values have increased over the past two years.  Bertolino's decision to build a grain bin on his father's land is also insufficient to establish injury.  There is no evidence that he originally intended to build the grain bin on land under which Colt owns mineral

rights, nor is there any evidence of a causal connection between Bertolino's decision and Colt's conduct.  Thus, any potential injuries are purely speculative and dependent on the occurrence of many intervening events. "Allegations of possible future injury do not satisfy the requirements of Art. III.  A threatened injury must be certainly impending to constitute injury in fact."  Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (internal quotations and citations omitted).  CALM fails to demonstrate the existence of a substantial controversy of sufficient immediacy and reality to establish subject matter jurisdiction or to warrant the issuance of a declaratory judgment.  CALM seeks an advisory opinion on the scope of its members' deeds, something this Court cannot provide.  Therefore, Colt's Motion for Summary Judgment, CALM's Motion for Summary Judgment, and CALM's claims against Colt are dismissed for lack of subject matter jurisdiction.

THEREFORE, for the reasons set forth above, CALM's Motion to Strike Certain Exhibits to Colt LLC's Motion for Summary Judgment (d/e 68) is ALLOWED, in part, and DENIED, in part.  The Court strikes Exhibits G, H, J, Q, and R to docket entry 59.  Colt's Motion for Summary Judgment (d/e 59) is ALLOWED to the extent that it contends this Court lacks subject matter jurisdiction.   CALM's claims against Colt are

DISMISSED for lack of subject matter jurisdiction.  Colt LLC is dismissed

as a party to this suit.

IT IS THEREFORE SO ORDERED.

ENTER:  April 7, 2008

        FOR THE COURT:


                        _____s/  Jeanne E. Scott_____
                              JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE