E-FILED
Tuesday, 08 April, 2008 12:49:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| CITIZENS AGAINST LONGWALL MINING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3279 |
| | ) | |
| COLT LLC, and IEC (Montgomery) LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION</u>**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Citizens Against Longwall Mining (CALM)'s Motion for Voluntary Dismissal of Defendant IEC (Montgomery) LLC (d/e 54) (Motion for Voluntary Dismissal). CALM seeks to voluntarily dismiss Defendant IEC (Montgomery) LLC from the action, pursuant to Federal Rule of Civil Procedure 41(a)(2). IEC opposes the Motion for Voluntary Dismissal. As set forth below, the Court will dismiss this action without prejudice, but subject to the conditions set forth below, after twenty days, unless Plaintiff informs the Court that it wishes to withdraw its Motion for Voluntary Dismissal.

Federal Rule of Civil Procedure 41(a)(2) provides that, absent circumstances inapplicable to the instant case, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The Seventh Circuit has recognized that Rule 41(a)(2) makes it clear that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court. Tyco Laboratories, Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980). Rule 41(a)(2) is a proper vehicle for a request for dismissal of all claims against a particular defendant. See Remien v. EMC Corp., 2004 WL 2381876, *1 n.1 (N.D. Ill. Oct. 19, 2004). CALM has the burden of persuading the Court that dismissal is warranted. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177-78 (7th Cir. 1994).

Rule 41(a) "preserve[s] the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985). The Seventh Circuit has instructed that a district court abuses its discretion in allowing voluntary dismissal "only when it can be established [that] the defendant will suffer 'plain legal

prejudice' as the result of the district court's dismissal of the plaintiff's action." United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986). Factors for the Court to consider in determining whether a defendant will suffer "plain legal prejudice" as a result of voluntary dismissal without prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969).

The Seventh Circuit has recognized that, to prevent prejudice, dismissal under Rule 41(a)(2) "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994) (citing cases). The Seventh Circuit has also noted that "[t]ypically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable

attorneys' fees." Id. (citing 5 Moore's Federal Practice ¶ 41.06 at 41-82 to 41-86 (1993)); see also 8 Moore's Federal Practice ¶ 41.06[10][d][i] (2008). It is clear, however, that "a plaintiff seeking a 'voluntary' dismissal is not required to accept whatever conditions the court may impose as a prerequisite for dismissal." Marlow, 19 F.3d at 304. The Seventh Circuit has recognized that Rule 41(a)(2) grants a plaintiff the option of withdrawing his motion if the Court's conditions are too onerous, and proceeding instead to a decision on the merits. Id. With these principles in mind, the Court turns to the facts of the instant case.

The record reveals that, on or about August 2, 2007, Plaintiff served IEC with timely Interrogatories and Requests to Produce. Plaintiff's Reply in Support of its Motion to Voluntarily Dismiss IEC (Montgomery) LLC (d/e 63) (Plaintiff's Reply), Ex. B & C. IEC's responses to these discovery requests contain Certificates of Service which indicate that they were mailed to CALM's counsel on December 21, 2007. Id., Ex. D & E. Counsel for CALM avers that he did not receive the documents referenced in IEC's discovery responses until January 16, 2008. Id., Ex. A, p. 2, ¶ 8. After reviewing IEC's completed written discovery responses, Plaintiff's counsel attempted to contact counsel for IEC on January 17, 2008, to determine

whether IEC would object to voluntary dismissal, but his phone call was not returned. On January 21, 2008, Plaintiff's attorney made contact with IEC's counsel and asked whether IEC would object to a voluntary dismissal. Defense counsel indicated that he would have to check with his client. The first depositions in the case were conducted later that same day. CALM filed its Motion for Voluntary Dismissal on January 23, 2008. On January 24, 2008, IEC filed a Motion for Partial Summary Judgment (d/e 56). IEC filed its response opposing CALM's Motion for Voluntary Dismissal on February 11, 2008. Magistrate Judge Cudmore then directed CALM to file a reply, which it has done.

CALM seeks voluntary dismissal without prejudice of its claims against IEC based on the fact that, in response to written discovery, IEC indicated that it did not currently have a plan to file a permit application to mine in Montgomery County. See Plaintiff's Reply, Ex. D, p. 2, Answer to Interrogatory No. 5; Plaintiff's Reply, Ex. E, p. 3, Responses to Requests to Produce No. 9 & 10. IEC objects to dismissal. IEC asserts that it will suffer plain legal prejudice if it is denied a ruling on its Motion for Partial

Summary Judgment.[1] In the alternative, IEC asks that the dismissal be made with prejudice or that IEC be awarded its expenses, including reasonable attorneys' fees.

Balancing all of the relevant factors, the Court finds dismissal without prejudice, but with terms and conditions, to be appropriate. This case has involved significant motion practice, during which the Court issued two decisions favorable to IEC on motions to dismiss. The ripeness of Plaintiff's claims was an issue throughout this stage of the litigation. The Court determined that CALM's Second Amended Complaint (d/e 33) was sufficient to avoid dismissal based on allegations that Defendants own coal and mining rights to property within Montgomery County, including property for which CALM members hold the surface rights; Defendants have publically stated plans to longwall mine their coal in Montgomery County; and that CALM members have been injured by the threat of longwall mining in Montgomery County in that the marketability of their property has diminished due to the stigma of longwall mining. Opinion (d/e

[1] IEC asserts that the Motion for Partial Summary Judgment, together with an anticipated motion to dismiss would resolve all claims against IEC. Defendant IEC (Montgomery) LLC's Response to Plaintiff's Motion for Voluntary Dismissal (d/e 58) (IEC's Response), p. 5 n. 3. The Court notes that the anticipated motion to dismiss has not been filed.

44), dated February 12, 2007.

CALM now seeks voluntary dismissal based on IEC's assertion that it does not currently have a plan to file a permit application to mine in Montgomery County. Plaintiff, however, does not concede that the matter is not ripe. While the record reveals that there was relatively little delay from the time IEC tendered its discovery responses until CALM filed its Motion for Voluntary Dismissal, IEC filed a Motion for Partial Summary Judgment the day after the Motion for Voluntary Dismissal was filed, seeking a ruling on the merits regarding three of the deed permutations at issue in the instant case. It is clear that IEC has expended significant time and effort on this case. See IEC's Response, Ex. E. Given these circumstances, the Court finds that an award of partial attorneys' fees is a proper condition to voluntary dismissal. As a condition of dismissal without prejudice, the Court will order Plaintiff to pay IEC's reasonable attorneys' fees from the period from February 12, 2007, forward.

The Court, however, recognizes that Plaintiff is not bound to accept this condition, but may withdraw its Motion and proceed to a decision on the merits. See Marlow, 19 F.3d at 304. Thus, Plaintiff is granted twenty-one days from the date of this Opinion to inform the Court if it wishes to

withdraw its Motion. Under normal circumstances, should Plaintiff choose to withdraw its Motion, the Court would immediately proceed to rule on IEC's Motion for Partial Summary Judgment. However, it is well-established that a federal court may not rule on the merits of a case without first assuring that it has subject matter jurisdiction. Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998).

In light of the information submitted by Plaintiff showing that IEC does not currently have a plan to file a permit application to mine in Montgomery County and this Court's ruling on co-Defendant Colt LLC's Motion for Summary Judgment, the Court questions whether this matter is ripe. See Opinion (d/e 73), dated April 7, 2008. Therefore, should Plaintiff withdraw its Motion for Voluntary Dismissal, the Court will order further briefing on the question of jurisdiction. The Court need not address jurisdiction prior to ruling on the Motion for Voluntary Dismissal, however, because dismissal under Rule 41(a)(2) does not constitute a judgment on the merits. The Supreme Court has recently reaffirmed that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits. Dismissal short of reaching the merits means that the court will not proceed at all to an adjudication of the cause." Sinochem

Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 127 S.Ct. 1184, 1191 (2007) (internal citations and quotations omitted). As the Seventh Circuit has stated, "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." Intec USA, LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir. 2006).

THEREFORE, the Court will dismiss this action without prejudice on April 30, 2008, but subject to an award of reasonable attorneys' fees as outlined above, unless Plaintiff informs the Court within twenty-one days that it wishes to withdraw its Motion for Voluntary Dismissal. The final pretrial conference set for April 21, 2008, at 10:30 a.m. and the trial set for 9:00 a.m. on May 6, 2008, are cancelled. If necessary, they will be reset after the Court rules on the pending motions.

IT IS THEREFORE SO ORDERED.

ENTER: April 8, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE