IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CITIZENS AGAINST LONGWALL MINING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-3279 |
| COLT LLC and IEC (Montgomery) LLC, | ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant IEC (Montgomery) LLC's (IEC) Rule 56(b) Motion for Partial Summary Judgment (d/e 56) (Motion for Partial Summary Judgment).  Plaintiff Citizens Against Longwall Mining (CALM), an Illinois not-for-profit corporation, filed its Second Amended Complaint for Declaratory and Injunctive Relief (d/e 33) (Second Amended Complaint) on July 31, 2006.  The Second Amended Complaint seeks a declaratory judgment and injunction barring Defendants, Colt LLC and IEC, from using the longwall method of mining to extract coal from property, the surface rights of which are owned by CALM members.

1

In an Opinion (d/e 73), dated April 7, 2008, the Court dismissed CALM's claims against Defendant Colt for lack of subject matter jurisdiction. As set forth below, this Court lacks subject matter jurisdiction over CALM's claims against IEC, and those claims are dismissed as well.

According to the Second Amended Complaint, from approximately 1907 to 1921, property owners in Montgomery County deeded coal rights to various persons or companies (severance deeds). <u>Second Amended Complaint</u>, ¶ 31. These deeds severed the ownership of the surface estate from the ownership of the mineral estate. <u>Id</u>., ¶ 32. It is undisputed that IEC owns coal rights to property in Montgomery County, the surface rights of which are owned by CALM members Mark Bertolino, Dale Miller, and Darrell Miller. <u>Motion for Partial Summary Judgment</u>, p. 3-4, Undisputed Material Facts 2-5; <u>Plaintiff's Response to Defendant IEC (Montgomery) LLC's Rule 56(B) Motion for Partial Summary Judgment (d/e 64)</u>, p. 2. Plaintiff argues that the severance deeds do not give the mineral owner the right to engage in longwall mining. The Second Amended Complaint asserts that, while numerous deeds are involved, Plaintiff has identified at most six language variations in the severance deeds relating to property owned by CALM members. <u>Second Amended Complaint</u>, ¶ 37. Plaintiff seeks a

declaratory judgment that, under any of the identified variations, the severance deeds do not give the mineral owners the right to longwall mine, as well as a permanent injunction enjoining Defendants from conducting longwall mining pursuant to any deeds adjudicated not to contain the right to do so.  Second Amended Complaint, p. 9.  IEC seeks partial summary judgment, arguing that the three language permutations in the severance deeds relating to the Bertolino and Miller tracts do not restrict the technique of mining that the mineral owner may employ and expressly release the mineral owner from all liability for surface damage.

In January 2008, Plaintiff moved to voluntarily dismiss Defendant IEC pursuant to Federal Rule of Civil Procedure 41(a)(2).  In support of this Motion, Plaintiff supplied the Court with portions of IEC's written discovery responses, in which IEC indicated that it did not currently have a plan to file a permit application to mine in Montgomery County.  See Plaintiff's Reply in Support of its Motion to Voluntarily Dismiss IEC (Montgomery) LLC (d/e 63) (Plaintiff's Reply), Ex. D, p. 2, Answer to Interrogatory No. 5; Plaintiff's Reply, Ex. E, p. 3, Responses to Requests to Produce No. 9 & 10.  On April 28, 2008, Plaintiff withdrew its Rule 41(b)(2) Motion in light of the conditions that the Court indicated would

be imposed if the Motion were granted. IEC's Motion for Partial Summary Judgment remained pending. However, in light of the evidence that IEC does not currently have a plan to file a permit application to mine in Montgomery County and this Court's Opinion on Colt's Motion for Summary Judgment, the Court ordered further briefing on the question of jurisdiction. See Text Order, dated April 29, 2008. That briefing is now complete. CALM believes that, based on the reasoning contained in this Court's ruling on the Colt summary judgment Motion, the Court would not find its claims against IEC to be ripe. IEC, however, asserts that the matter is ripe as to the three deed language variations at issue in its Motion for Partial Summary Judgment. IEC urges the Court to grant its request for partial summary judgment.

    A federal court may not rule on the merits of a case without first assuring that it has subject matter jurisdiction. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). Under Article III of the United States Constitution, a party seeking to invoke federal court jurisdiction must present an actual case or controversy. See Flast v. Cohen, 392 U.S. 83, 95 (1968). Under the case or controversy requirement, a plaintiff seeking to invoke the power of the federal court bears the burden of demonstrating: (1)

an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the complained of conduct; and (3) that a favorable decision likely will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted). These requirements necessarily extend to suits seeking declaratory relief. See MedImmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 771 (2007); Deveraux v. City of Chicago, 14 F.3d 328, 330 (7th Cir. 1994); 28 U.S.C. § 2201.

It is clear from the record as a whole that this Court lacks subject matter jurisdiction over CALM's claims against IEC, based on the lack of any actual or imminent injury. The record fails to establish that any of CALM members have suffered an actual or imminent injury as a result of IEC's conduct. Nor is there any evidence of any imminent plan by IEC to conduct longwall mining on property, the surface rights of which are owned by CALM members. Under 225 ILCS 720/2.01, it is unlawful for any person to engage in coal mining operations without first obtaining a permit to do so from the Illinois Department of Natural Resources. It is clear from the record that IEC does not currently have a plan to file a permit

5

application to mine in Montgomery County. It is undisputed that the permitting process is extensive. Thus, any potential injuries to CALM members are purely speculative and dependent on the occurrence of many intervening events. "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be certainly impending to constitute injury in fact." Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (internal quotations and citations omitted).

IEC relies on the Supreme Court's recent opinion in MedImmune in asserting that the instant matter is ripe. As the MedImmune Court recognized, Supreme Court precedent "do[es] not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." MedImmune, 127 S.Ct. at 771. The Court summarized the bottom-line justiciability inquiry as follows: "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[1] Id. A brief summary of the background of the

---

[1] The Court notes that MedImmune involved declaratory judgment claims that were dismissed at the motion to dismiss stage. The instant case has progressed through discovery to summary judgment. The Court recognizes that, while at the pleading stage,

6

MedImmune litigation is instructive.

MedImmune manufactured Synagis, a drug used to prevent respiratory tract disease in children. In 1997, MedImmune entered into a patent license agreement with Genentech which covered an existing patent as well as a then-pending patent application. In 2001, Genentech's application matured into a patent. Shortly thereafter, Genentech sent MedImmune a letter expressing its belief that Synagis was covered by the recently-obtained patent and its expectation that MedImmune would begin to pay royalties on Synagis. MedImmune disagreed with the assertion that royalties were owing, but saw the letter as a clear threat to enforce the newly-obtained patent. In order to avoid the serious consequences that would follow if Genentech were to initiate and prevail in a patent infringement action, MedImmune paid the demanded royalties under protest and filed a declaratory judgment action. The Supreme Court concluded that Article III was satisfied under these circumstances, despite MedImmune's self-avoidance of injury.

The instant case is distinguishable from MedImmune because, as set

---

general factual allegations of injury resulting from the defendant's conduct may suffice, at summary judgment the parties must identify evidence of specific facts supporting jurisdiction. Lujan, 504 U.S. at 561.

forth above, there is no evidence of any imminent injury. Evidence that IEC imminently intends to longwall mine under property owned by CALM members would clearly be available to IEC if any existed, yet none has been identified, even in response to the Court's invitation for additional briefing on the ripeness issue. Nor have the parties identified evidence of any other type of imminent injury. The record in the instant case fails to establish a controversy of sufficient immediacy to establish subject matter jurisdiction or to warrant the issuance of a declaratory judgment. This Court cannot provide an advisory opinion on the scope of CALM's members' deeds.

THEREFORE, for the reasons set forth above, IEC's Motion for Partial Summary Judgment (d/e 56) is DENIED. CALM's claims against IEC are DISMISSED for lack of subject matter jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: May 28, 2008

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE